NOT FOR PUBLICATION

                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DENNIS R. SUAREZ, | Civil Action No. 14-1905 (SRC) |
| Plaintiff, | |
| v. | OPINION |
| JOHN L. MOLINELLI, | |
| Defendant. | |

**CHESLER**, District Judge

This matter comes before the Court on the motion filed by Defendant John L. Molinelli ("Defendant" or "Molinelli") to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The motion, which was originally returnable May 18, 2015, was adjourned twice, first at the request of Plaintiff Dennis R. Suarez ("Plaintiff" or "Suarez") and the second time by the Court sua sponte, to give Plaintiff additional time to file opposition. The Court's June 16, 2015 Order cautioned Plaintiff that after the extended deadline of July 6, 2015, the Court would proceed to rule on the motion. Nevertheless, Plaintiff's counsel submitted a letter on July 8, 2015, seeking an additional week to oppose the motion, or in the alternative, to file for voluntary dismissal of the action. To date, neither filing has been made. The Court therefore

1

rules on the motion as unopposed. The Court has considered the papers filed by Defendant in support of this motion, and for the reasons that follow, dismisses the Complaint without prejudice.

I.      **Background**

This action arises from an agreement Plaintiff entered into with the Bergen County Prosecutor's Office when he terminated employment with that office in July 2008. According to the Complaint, Suarez was hired as an investigator in the Bergen County's Prosecutor's Office in 1996 and received various promotions throughout his years of employment. Suarez alleges that in July 2002, he was advised that his promotions, awarded during the tenure of a previously sitting prosecutor, were being rescinded, an action Plaintiff believes was due to the then-current prosecutor, Defendant John Molinelli. Plaintiff further alleges that he "protested the actions of the defendant Molinelli, accepted a demotion 'under protest,' was taken out of the homicide squad, and was then forced to resign in July 2008." (Compl. ¶ 12.) When Suarez resigned, the Complaint asserts, he and the Bergen County Prosecutor's Office entered into a "Release and Hold Harmless Agreement," which set forth, among other things that Suarez would resign "in good standing" and that, in response to requests for job references regarding Suarez, "the Office of Bergen County Prosecutor will only provide his start date, title and end date of employment." (Compl. ¶ 14.) The Complaint alleges that Defendant breached this agreement by making "disparaging and defamatory" comments about Suarez in response to inquiries from his prospective employers, causing Suarez to be blocked from employment from various law enforcement agencies.

Plaintiff, a resident of New York, initiated this action in the United States District Court for the Southern District of New York on November 19, 2013. On the parties' consent, the action was transferred to this Court on March 25, 2014. This Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332(a).

## II. Discussion

A complaint will survive a motion under Rule 12(b)(6) only if it states "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556.) Following Iqbal and Twombly, the Third Circuit has held that, to prevent dismissal of a claim, the complaint must show, through the facts alleged, that the plaintiff is entitled to relief. Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009). While the Court must accept all factual allegations as true and construe the complaint in the light most favorable to the plaintiff, it need not accept a "legal conclusion couched as a factual allegation." Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007); Fowler, 578 F.3d at 210-11; see also Iqbal, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, will not suffice." Iqbal, 556 U.S. at 678.

Under this standard, Plaintiff's Complaint must be dismissed. The Complaint appears to assert a cause of action for breach of contract based on the allegation that Defendant breached the terms of the Release and Hold Harmless Agreement by making "disparaging and defamatory comments" about Suarez and "by failing to limit their responses" as required by the Agreement. These allegations are conclusory and simply recite the elements of a breach of contract claim, without providing any substance regarding the allegedly improper comments or by whom they were made. Insofar as Plaintiff may be attempting to plead a defamation claim, the Complaint falls far short of the applicable pleading standard. It does not identify an allegedly defamatory statement about Suarez, how such a statement would be false and defamatory under the law, to whom the statement was communicated, or even that Defendant Molinelli made such a statement.

In short, the Complaint is vague and conclusory. It is devoid of factual allegations plausibly supporting Plaintiff's claims that Defendant is liable for breach of contract, defamation or some other cause of action he may be asserting based on unspecified statements allegedly made about Plaintiff. The Complaint fails to state a claim upon which relief may be granted.

### III.   Conclusion

The Court will dismiss the Complaint without prejudice and, as set forth in the accompanying Order, with leave to amend, to allow Plaintiff an opportunity to file a pleading meeting Rule 8(a)'s standard, as articulated by the Supreme Court in Iqbal and Twombly. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir.2002) (holding that upon granting a defendant's motion to dismiss a deficient complaint, a district court should grant the plaintiff

leave to amend within a set period of time, unless amendment of the complaint would be inequitable or futile).  An appropriate Order will be filed.

                                                s/Stanley R. Chesler
                                            STANLEY R. CHESLER
                                            United States District Judge

Dated: July 20, 2015